***NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

_____
:
ELAINE CASTIGLIONE,                    :
                                                                   :
                    Plaintiff,          :
                            :     Civil Action No. 09-3043 (FLW)
    vs.                                :
                                                                 :
SCOTT BASEN, et. al.,                  :           **OPINION**
                                                  :
                    Defendants.        :
_____:

**WOLFSON, United States District Judge:**

       The instant § 1983 action, brought by pro se Plaintiff Elaine Castiglione ("Plaintiff"), arises out of an arrest and the subsequent prosecution of Plaintiff for violations of certain state criminal statutes. In her Complaint, Plaintiff asserts numerous constitutional violations by the following defendants: 1) the Borough of Freehold and Scott Basen, James Butler, Cathy Sheedy, and Stacy Kitson, all employees of the Borough of Freehold (collectively, "Freehold Defendants"); 2) the Monmouth County Board of Chosen Freeholders, the Monmouth County Sheriff's Office, and George Martin, Officer Tuohy, Officer Cooper, Officer Hoppock, Officer Muscarella, and Officer Gonzalez, all employees of the Monmouth County Board of Chosen Freeholders (collectively, "Monmouth Defendants"); and 3) the Monmouth County Prosecutor's Office, John Loughery and Anita White-Gillyard, both employees of the Monmouth County Prosecutor's Office (collectively, "Monmouth Prosecution Defendants"). Presently, there are several motions before the Court; the Freehold Defendants' motion to set aside default, Plaintiff's motion to stay the instant proceedings and the Monmouth Defendants' motion to dismiss, or in the alternative for summary judgment of,

1

the claims asserted against them by Plaintiff. For the reasons set forth herein, the Court vacates the entry of default against the Freehold Defendants, denies Plaintiff's motion to stay, and grants the Monmouth Defendants' motion to dismiss.

## I.     Background

### A. Procedural History

This case has a tortured procedural history. Plaintiff brought this action in June 2009, asserting various constitutional claims against numerous defendants. At the inception of this case, Plaintiff filed a number of motions dealing primarily with issues of service of the Complaint, which the Magistrate Judge resolved. After having been served, the Freehold Defendants did not timely file responsive pleadings. As such, the Clerk's Office entered default as to these defendants. See Docket Entry on November 30, 2009. Thereafter, the Freehold Defendants filed a motion to set aside default. See Docket Entry 17. Without opposition from Plaintiff, the Magistrate Judge granted the motion. See Docket Entry 24. The Monmouth Defendants timely filed an Answer on November 9, 2009. See Docket Entry 4.

After the entry of default against the Freehold Defendants was set aside, they moved to dismiss, or in the alternative for summary judgment of, all claims against them. See Docket Entry 30. The Monmouth Defendants joined in this motion. See Docket Entry 38. Meanwhile, Plaintiff requested default against the Monmouth Prosecution Defendants for failure to timely file responsive pleadings, and the Clerk's Office entered default against them. See Docket Entry on January 21, 2010. The Monmouth Prosecution Defendants then moved for an extension of time to file response/reply and to vacate default, see Docket Entry 35, which Plaintiff opposed. See Docket Entry 37. The Magistrate Judge granted the motion to vacate default against the Monmouth

Prosecution Defendants. See Docket Entry 45. Since then, these defendants have not moved for any relief.

Subsequently, Plaintiff complained that she did not receive copies of the motion to vacate default by the Freehold Defendants, and therefore, was deprived of her due process rights. In the interest of justice, the Court, in a letter order dated June 28, 2010, vacated the Magistrate Judge's order to set aside default against the Freehold Defendants and provided Plaintiff an opportunity to oppose that motion. See Docket Entry 61. Consequently, the Court also vacated the Freehold Defendants' pending motion to dismiss/for summary judgment. Id. However, the Court did not disturb the order to vacate default against the Monmouth Prosecution Defendants, as that motion had been opposed by Plaintiff. Also, the Monmouth Defendants' motion to dismiss/for summary judgment remained pending. Id. Notably, the Court found that Plaintiff's improper attempt to file an amended complaint did not comply with the Rules and as such, the amended complaint was removed from the docket.

Plaintiff then filed an interlocutory appeal of the Court's June 28, 2010 letter order to the Third Circuit. See Docket Entry 66. Because of the appeal, the proceedings were stayed. Thereafter, the Third Circuit refused to hear the appeal on November 18, 2010. See Docket Entry 74. Subsequent to the circuit's denial, the Court ordered Plaintiff to respond to the Freehold Defendants' motion to set aside default and to the Monmouth Defendants' motion to dismiss/summary judgment. See Docket Entry 77. Plaintiff filed her opposition to these motions, but the Clerk's Office mistakenly construed Plaintiff's filings as motions for recusal and to transfer case to the Ninth Circuit. See Docket Entry 78. Indeed, Plaintiff clarified – albeit her clarifications are puzzling – that the motion for recusal was filed with the Third Circuit and the motion to transfer

3

was filed with the United States Supreme Court.  See Docket Entry 83.  Based on the motion to transfer, Plaintiff moves to stay the instant proceedings.

Having culled through and reviewed the voluminous submissions by the parties since the initiation of this case, to reiterate, this Opinion will only resolve the motion to set aside default by the Freehold Defendants, the motion to dismiss/summary judgment by the Monmouth Defendants and finally, the motion to stay by Plaintiff.

**B.  Background Facts**

The Complaint arises from a state criminal proceeding.  Plaintiff was charged by the Borough of Freehold with violations of N.J.S.A. 2C:21-4(a), falsifying or tampering with records; N.J.S.A. 2C:5-1(a)(1), criminal attempt; and N.J.S.A. 2C:28-3(b)(2), unsworn falsification to authorities.  See Compl., p. 4.  However, neither the Complaint nor any of the briefs filed by either party has provided any details as to the underlying criminal action or events that gave rise to these charges.  The Complaint merely alleges in a conclusory fashion that Plaintiff was falsely arrested and falsely prosecuted for these charges.  Compl., pp. 4-6.  In some detail, the Complaint sets forth the circumstances surrounding Plaintiff's detention after her arrest.  Plaintiff asserts, inter alia, that she was "chained to bench for extended period" and "despite her five requests, Plaintiff was not allowed by [defendant] Tuohy to use the bathroom until such time when crippling kidney pain developed and Plaintiff became noticeably ill from back up of urine."  Compl., p. 4.  The Complaint also alleges that Plaintiff is currently the subject of a criminal proceeding, and that proceeding was initiated maliciously by the Freehold Defendants.  Compl., pp. 5-6.  However, it does not provide any facts as to the current status of that proceeding.  It would appear that the criminal proceeding is ongoing.

Based on her arrest and prosecution, Plaintiff vaguely alleges that all defendants violated the

Fourth, Fifth, Sixth, Seventh, and Fourteenth Amendments of the United States Constitution, but does not state the exact causes of action which she is bringing under those Amendments. Plaintiff also asserts violations of 18 U.S.C. § 1341 by Defendant Scott Basen; 18 U.S.C. § 1341, however, does not create a private cause of action.

## II.  Discussion

### A.  Plaintiff's Motion to Stay

Plaintiff moves to stay the instant proceeding because she has filed a motion before the Supreme Court of the United States to transfer this case to the Ninth Circuit, or another District Court. Without any recognized legal basis, Plaintiff asserts that while the transfer motion is pending, the Court should refrain from adjudicating this case and stay the proceedings until the resolution of that motion. It is beyond cavil that Plaintiff's request in this context is frivolous.

While the instant motion to stay is not predicated upon a pending appeal, similarly, the purpose of this motion is to temporarily halt proceedings to allow a higher court to consider an issue which will have an effect on the current proceedings. In that connection, courts are guided by these factors: 1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; 2) whether the applicant will be irreparably injured absent a stay; 3) whether issuance of the stay will substantially injure other parties interested in the proceeding; and 4) where the public interest lies. Republic of Philippines v. Westinghouse Elec. Corp., 949 F.2d 653, 658 (3d Cir. 1991).

To begin, the Court is not aware of any authority under which Plaintiff may directly file a transfer motion before the Supreme Court on a matter still pending in a district court. Even if Plaintiff has any basis to file her motion in the Supreme Court, the Court finds the factors weigh against staying the proceeding because Plaintiff is unlikely to establish personal jurisdiction in any

other federal courts. The underlying facts which gave rise to this litigation stem from a state criminal proceeding brought against Plaintiff, a New Jersey resident, by agents of the state of New Jersey for alleged criminal acts committed in New Jersey in violations of New Jersey law. Furthermore, all of the defendants' alleged conduct occurred in New Jersey. It is without question, therefore, that this Court has proper personal jurisdiction over this case. Nothing in the record indicates that personal jurisdiction lies anywhere else. Indeed, defendants are New Jersey state actors acting pursuant to New Jersey law within state lines, and Plaintiff has not alleged that defendants had any contacts outside of New Jersey; in fact, they do not have the authority to act anywhere but in this State. These facts fall woefully short of the requirements for personal jurisdiction under Int'l Shoe Co. v. Washington, 326 U.S. 310 (1945). Accordingly, the Supreme Court, or any other court, would be hard pressed to find another district where transfer is proper. In that respect, Plaintiff fails to show that she is likely to succeed.

Even assuming that personal jurisdiction may be met, Plaintiff still fails to show that she will suffer irreparable harm if the case is not transferred to another district. Plaintiff's entire basis for requesting transfer is her baseless allegations of misconduct by this Court, the Magistrate Judge assigned to this case, and the Third Circuit judge who denied hearing on Plaintiff's interlocutory appeal. For example, Plaintiff outrageously asserts that I am "the kingpin of the 'legal mafia' Freehold operations." Pl. Opp. Br., at 1. Plaintiff also accuses the Magistrate Judge of having "an illicit relationship" with the docket clerk. See Pl. Letter on June 10, 2010, Docket Entry 54. Plaintiff further complains, without any basis, that Judge Smith of the Third Circuit denied hearing on Plaintiff's interlocutory appeal because I made a phone call to Judge Smith and asked him to "take care of this for me." Pl. Opp. Br., at 3. Even if any of these far-fetching allegations are true, Plaintiff

has not demonstrated why other judges of this district would not be competent to preside over this matter, or why they would prejudice Plaintiff in a similar manner. As such, because Plaintiff cannot establish irreparable harm, or show that her transfer motion will likely succeed, Plaintiff's motion to stay is denied.

### B. The Freehold Defendants' Motion to Set Aside Default

Since the Court vacated the Magistrate Judge's order to set aside default against the Freehold Defendants, the Court must now decide whether the Freehold Defendants should be permitted to proceed in this case. The only argument Plaintiff makes in her opposition is that these "[d]efendants do not have the right to have a default judgment set aside automatically upon alleging a defense." Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 Fed. App'x 519, 522 (3d Cir. 2006). Plaintiff's argument misses the mark because it is factually incorrect and because there are other factors the Court must consider.

The Court notes that a default judgment has not been entered against the Freehold Defendants; only an entry of default by the Clerk's Office, pursuant to Fed. R. Civ. P. 55(a), has been entered. In that context, pursuant to Rule 55(c), the court "may set aside an entry of default for good cause." "In determining whether to set aside an entry of default, the Court looks at (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct." Malik v. Hannah, No. 05-3901, 2007 WL 2892648, at *1 (D.N.J. Sept. 27, 2007) (citing Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000)). "'A motion to set aside a default is addressed to the discretion of the court. Any doubt should be resolved in favor of setting aside defaults so that cases may be decided on their merits.'" Id. (quoting Alopari v. O'Leary, 154 F.Supp. 78, 80-81 (E.D. Pa. 1957)).

Here, the Court finds that Plaintiff will not be prejudiced by the delay in permitting the Freehold Defendants to respond to the Complaint. The Freehold Defendants responded to the entry of default promptly, and after the default was vacated by the Magistrate Judge initially, these defendants timely filed an amended answer and a responsive motion. Indeed, the lapse of the time between the Freehold Defendants' motion to vacate and the present time is due to the protracted procedural history outlined above. Furthermore, this case is still at its infancy since no dispositive motions have been decided and discovery has not commenced. Lastly, there will be no further delays because once this Court vacates the entry of default against the Freehold Defendants, their motion to dismiss will be reinstated. Thus, the Court finds that Plaintiff is not prejudiced by the delay in permitting the Freehold Defendants to respond to the Complaint.

Additionally, the Freehold Defendants explained that the delay in timely responding to Plaintiff's Complaint resulted from the standard operating procedure of determining whether the Freehold Defendants would be entitled to coverage by the New Jersey Intergovernmental Insurance Fund. Plaintiff does not refute this explanation. Indeed, the Freehold Defendants' explanation establishes that the delay did not result from their culpable conduct. Finally, having reviewed the record, there are reasons to find that the Freehold Defendants' have meritorious defenses against Plaintiff's claims. In light of these circumstances and the Court's preference that this case be decided on the merits, the Court grants the Freehold Defendants' motion to set aside default.[1] The Freehold Defendants' motion to dismiss is hereby reinstated.

---

[1] Indeed, the Magistrate Judge relied on the same reasoning to reach an identical conclusion in granting the Monmouth Prosecution Defendants' motion to vacate default. See Order Granting Motion to Vacate Default Judgment, Docket Entry 45.

**C. The Monmouth Defendants' Motion to Dismiss**

The Federal Rules of Civil Procedure provide that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). The purpose of a complaint is "to inform the opposing party and the court of the nature of the claims and defenses being asserted by the pleader and, in the case of an affirmative pleading, the relief being demanded." 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1182 (3d ed. 2004).

In reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a Court must take all allegations in the complaint as true, viewed in the light most favorable to the plaintiff "and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citation and quotations omitted). In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court "retired" the language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Twombly, 550 U.S. at 561 (quoting Conley, 355 U.S. at 45-46). Rather, the factual allegations in a complaint "must be enough to raise a right to relief above the speculative level." Id. at 555. The Third Circuit summarized the pleading requirement post-Twombly:

> The Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of 'the necessary

9

element.'

Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 556).

In affirming that the Twombly standard applies to all motions to dismiss, the Supreme Court recently further clarified the 12(b)(6) standard. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 129 S.Ct. at 1950. Accordingly, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. In short, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009).

The Third Circuit recently reiterated that "judging the sufficiency of a pleading is a context-dependent exercise" and "[s]ome claims require more factual explication than others to state a plausible claim for relief." West Penn Allegheny Health System, Inc. v. UPMC, 627 F.3d 85, 98 (3d Cir. 2010). This means that, "[f]or example, it generally takes fewer factual allegations to state a claim for simple battery than to state a claim for antitrust conspiracy." Id. That said, the Rule 8 pleading standard is to be applied "with the same level of rigor in all civil actions." Id. (quoting Iqbal, 129 S.Ct. at 1953).

Here, while Plaintiff asserts a myriad of violations under a litany of Constitutional Amendments against the Monmouth Defendants, Plaintiff has not specifically identified any cause of action in her Complaint. However, because the Court must construe a pro se plaintiff's complaint liberally, Erickson v. Pardus, 551 U.S. 89, 94 (2007), the Court can only discern from the Complaint,

and Plaintiff does not suggest any more, three distinct causes of action: malicious prosecution, false arrest, and excessive force. The Court addresses each separately below.

### 1. Malicious Prosecution

"To prove malicious prosecution under § 1983, a plaintiff must show that (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." Kossler v. Crisanti, 564 F.3d 181, 186 (3d Cir. 2009). Plaintiffs must satisfy each of the elements. Id.

The purpose of the favorable termination requirement is to avoid "the possibility of the claimant succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction." Id. at 187 (quoting Heck v. Humphrey, 512 U.S. 477, 484 (1994)). "Consistent with this purpose, we have held that a prior criminal case must have been disposed of in a way that indicates the innocence of the accused in order to satisfy the favorable termination element." Id.

In this case, Plaintiff does not identify any specific defendants against whom she asserts her malicious prosecution claim. The Court finds that to the extent a malicious prosecution claim can be made against the Monmouth Defendants, Plaintiff has not established the favorable termination element. As noted above, Plaintiff has neither alleged nor provided any documentation as to the status of the underlying state proceeding. In fact, based on Plaintiff's allegations in the Complaint, there is a strong likelihood that Plaintiff has steadfastly refused to participate in the defense of the

state criminal proceeding against her, resulting in the issuance of an arrest warrant and the revocation of her driving privileges. Compl., p. 6. Indeed, the Monmouth Defendants explain that Plaintiff's criminal proceeding is still pending and Plaintiff does not dispute this fact. Therefore, because the criminal proceeding is ongoing, the Court finds that Plaintiff cannot aver the necessary elements of malicious prosecution and that claim is dismissed without prejudice pending the conclusion of the state proceeding.

**2. False Arrest**

Plaintiff alleges in the Complaint that she was falsely arrested, without probably cause, by the Monmouth Defendants. The Monmouth Defendants counter by claiming that the Heck doctrine, 512 U.S. at 484, bars Plaintiff's § 1983 claim for false arrest, or in the alternative the Court should exercise abstention under the Younger doctrine. See Younger v. Harris, 401 U.S. 37 (1971).

At the outset, while abstention is appropriate under certain circumstances that may be applicable here, the Court need not reach that issue because Plaintiff has failed to properly establish a false arrest claim. With respect to the applicability of Heck, the Court recognizes that the Heck doctrine generally does not apply to false arrest claims. Baker v. Wittevrongel, 363 Fed. App'x 146, 150 (3d Cir. 2010); see also Wallace v. Kato, 549 U.S. 384, 393-94 (2007) (holding that false arrest claims accrue once the victim is held pursuant to a legal process, e.g. victim is bound over by a magistrate or arraigned on charges, and the Heck doctrine does not bar the victim from asserting § 1983 claim while a state criminal proceeding is pending, as it is too speculative that a criminal proceeding would end in the victim's favor). As such, at this juncture, Heck does not bar Plaintiff's false arrest claim. To establish a false arrest claim, Plaintiff must then allege that probable cause was lacking for her arrest and related detention. White v. Brown, 408 Fed. App'x 595, 598 (3d Cir.

12

2010) (citing Groman v. Twp. of Manalapan, 47 F.3d 628, 634-36 (3d Cir. 1995)).

In the instant matter, Plaintiff falls grossly short of her burden in alleging a lack of probable cause. As the Court stated above, Plaintiff does not assert in the Complaint any details surrounding her arrest, other than the charges for which she was allegedly arrested. Plaintiff only alleges that Officer Tuohy from the Monmouth County Sheriff's Office arrested her; and "this was done in collusion with (a) Officers Cooper, Hoppock, Martin . . . ." Compl., p. 4. Although Plaintiff attempts to offer some facts as to the reason why she was falsely arrested, e.g., "Plaintiff's overt rejection of Touhy's lewd advances put upon Plaintiff upon entry into the courthouse," there are no facts in the Complaint as to the criminal conduct for which Plaintiff was arrested. As the Complaint stands, the Court cannot discern the wrongful conduct that led to Plaintiff's arrest, or how Plaintiff was arrested, let along determine whether the arrest was made without probable cause; other than her bald assertion that she was falsely arrested, Plaintiff provides no surrounding facts to substantiate her claim of false arrest. See Gage v. New Jersey, 408 Fed. App'x. 622, 624 (3d Cir. 2010) ("the factual matter that is present 'is so undeveloped that it does not provide [the] defendant the type of notice of claim which is contemplated by Rule 8.'" (citations omitted)). Hence, the Court finds that Plaintiff fails to sufficiently plead her false arrest claim and dismisses that claim without prejudice. Plaintiff may move to amend this claim.

### 3. Excessive Force

To state a claim for excessive force under the Fourth Amendment, a plaintiff must show that a "seizure" occurred and that it was unreasonable. Curley v. Klem, 499 F.3d 199, 203 (3d Cir. 2007). Test of Fourth Amendment reasonableness of force used during seizure is whether, under totality of the circumstances, officers' actions are objectively reasonable in light of facts and

13

circumstances confronting them, without regard to their underlying intent or motivations. Kopec v. Tate, 361 F.3d 772, 776 (3d Cir. 2004). An excessive force claim must be evaluated from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. Rivas v. City of Passaic, 365 F.3d 181, 198 (3d Cir. 2004); Lamont v. New Jersey, No. 09-1845, 2011 WL 753856, at *5 (3d Cir. Mar. 4, 2011) ("Monday morning quarterbacking is not allowed"). While the absence of physical injury does not necessarily signify that the force was not excessive, excessive force claims must be so egregious as to be constitutionally excessive, and the presence of some physical injury is relevant to that determination. Sharrar v. Felsing, 128 F.3d 810, 822 (3d Cir. 1997). The absence of any injury is a strong indication that excessive force has not been used. Crock v. Pennsylvania, 397 Fed. App'x. 747, 750 (3d Cir. 2010).

Plaintiff alleges that after her arrest, she was chained to a bench and denied access to a bathroom for urination by Officer Tuohy. This conduct, Plaintiff claims, caused her to become ill. These allegations, if proven true, suggest some improper behavior by the Monmouth Defendants after their detention of Plaintiff. Significantly, the Monmouth Defendants did not address these allegations in their motion to dismiss. However, Plaintiff does not provide further details as to the circumstances of defendants' conduct, nor does Plaintiff assert any other factual allegations to substantiate her alleged "injuries" as a consequence of being precluded from using the bathroom. As such, the Court finds that Plaintiff fails to satisfy the Twombly pleading standard. See Gage, 408 Fed. App'x at 624 ("there is too little factual matter in Gage's complaint "to justify moving the case beyond the pleadings to the next stage of litigation.'" (citation omitted)). Accordingly, the Court dismisses Plaintiff's claim for excessive force without prejudice. Similar to her false arrest claim, Plaintiff may move to amend her Complaint on this claim.

**III.     Conclusion**

For the foregoing reasons, the Freehold Defendants' motion to set aside default is **GRANTED**, Plaintiff's motion for stay is **DENIED**, the Monmouth Defendants' motion to dismiss is **GRANTED**, and Plaintiff's claims against Monmouth Defendants are **DISMISSED** without prejudice.  An appropriate order shall follow.

/s/ Freda L. Wolfson
The Honorable Freda L. Wolfson
United States District Judge

Date: August 16, 2011