**\*NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ELAINE CASTIGLIONE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 09-3043 (FLW) |
| vs. | : | |
| | : | |
| SCOTT BASEN, et. al., | : | **OPINION** |
| | : | |
| Defendants. | : | |

**WOLFSON, United States District Judge:**

This is the Court's determination of a motion to dismiss filed by defendants, the Borough of Freehold, Scott Basen, James Butler, Jr., Kathleen Sheedy, and Stacy Kitson (collectively, "Freehold Defendants"). The instant § 1983 action, brought by pro se Plaintiff Elaine Castiglione ("Plaintiff"), arises out of an arrest and the subsequent prosecution of Plaintiff for violations of certain state criminal statutes. In her Complaint, Plaintiff asserts numerous constitutional violations and alleges that the Freehold Defendants maliciously prosecuted her. After granting several extensions of time to respond, Plaintiff has failed to oppose this motion. For the reasons set forth below, the Court **GRANTS** the Freehold Defendants' motion to dismiss.

**I.  Background**

**A.  Procedural History**

On August 16, 2011, the Court vacated the Freehold Defendants' motion to set aside default and renewed the instant motion to dismiss. In that Opinion, the Court delineated the long and tortured procedural history of this case. For the sake of brevity, the Court will not repeat them, but

rather, it will incorporate that portion of the Opinion here. See Opinion dated August 16, 2011 at pp. 2-4. The Court further notes that since the pendency of this motion, Plaintiff has sought three additional extensions to respond based on health reasons.[1] The last request was denied by the Magistrate Judge because of a lack of supporting documentation for Plaintiff's assertion of illness. See Order dated November 10, 2011. Since then, Plaintiff has neither submitted her response nor otherwise contacted the Court. Accordingly, the Court will deem this motion as unopposed.

**B. Background Facts**

At all relevant times, defendant Scott Basen was the Borough of Freehold Municipal Court Judge who presided over Plaintiff's criminal proceedings. Both defendants James Butler and Kathleen Sheedy were prosecutors for the Borough of Freehold. Stacey Kitson was the Court Administrator for the Borough of Freehold.

The Court has thoroughly set forth the facts of this case in its previous Opinion and thus, those facts, derived from the Complaint, will be incorporated herein:

> Plaintiff was charged by the Borough of Freehold with violations of N.J.S.A. 2C:21-4(a), falsifying or tampering with records; N.J.S.A. 2C:5-1(a)(1), criminal attempt; and N.J.S.A. 2C:28-3(b)(2), unsworn falsification to authorities. See Compl., p. 4. However, neither the Complaint nor any of the briefs filed by either party has provided any details as to the underlying criminal action or events that gave rise to these charges. The Complaint merely alleges in a conclusory fashion that Plaintiff was falsely arrested and falsely prosecuted for these charges. Compl., pp. 4-6.
>
> In some detail, the Complaint sets forth the circumstances surrounding Plaintiff's detention after her arrest. Plaintiff asserts, inter alia, that she was "chained to bench for extended period" and "despite her five requests, Plaintiff was not allowed

---

[1] This Court has been more than accommodating to Plaintiff's requests for extension of time to respond. Indeed, this motion was first filed on January 13, 2010. Based on Plaintiff's assertion of illness – to which Plaintiff has not produced any medical support – the Court granted various extensions in order for Plaintiff to properly respond to this motion.

> by [defendant] Tuohy to use the bathroom until such time when crippling kidney pain developed and Plaintiff became noticeably ill from back up of urine." Compl., p. 4. The Complaint also alleges that Plaintiff is currently the subject of a criminal proceeding, and that proceeding was initiated maliciously by the Freehold Defendants. Compl., pp. 5-6. However, it does not provide any facts as to the current status of that proceeding. It would appear that the criminal proceeding is ongoing.

Opinion dated August 16, 2011 at pp. 4-5. Importantly, nothing in the record on this motion indicates that the criminal proceeding has concluded. In fact, the Freehold Defendants state that the charges against Plaintiff have not been resolved.

Based on her arrest and prosecution, Plaintiff alleges in a conclusory manner that all defendants violated the Fourth, Fifth, Sixth, Seventh, and Fourteenth Amendments of the United States Constitution, but does not state the exact causes of action which she is bringing under those Amendments. Plaintiff also asserts violations of 18 U.S.C. § 1341 - mail fraud - by defendant Scott Basen; 18 U.S.C. § 1341, however, does not create a private right of action.[2] Accordingly, as a preliminary matter, that claim is dismissed with prejudice.

## II.   Discussion

### A.   Standard of Review

The Federal Rules of Civil Procedure provide that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). The purpose of a complaint is "to inform the opposing party and the court of the nature of the claims and defenses being asserted by the pleader

---

[2] There is no private right of action under the federal mail and wire fraud statutes. Wisdom v. First Midwest Bank, 167 F.3d 402, 408 (8th Cir. 1999); Addlespurger v. Corbett, No. 11-3915, 2012 U.S. App. LEXIS 2742, at *10 (3d Cir. Feb. 9, 2012).

and, in the case of an affirmative pleading, the relief being demanded." 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1182 (3d ed. 2004).

In reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a Court must take all allegations in the complaint as true, viewed in the light most favorable to the plaintiff "and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citation and quotations omitted). In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court "retired" the language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Twombly, 550 U.S. at 561 (quoting Conley, 355 U.S. at 45-46). Rather, the factual allegations in a complaint "must be enough to raise a right to relief above the speculative level." Id. at 555. The Third Circuit summarized the pleading requirement post-Twombly:

> The Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of 'the necessary element.'

Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 556).

In affirming that the Twombly standard applies to all motions to dismiss, the Supreme Court recently further clarified the 12(b)(6) standard. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 129 S.Ct. at 1950. Accordingly, "a court considering a

motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. In short, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009).

The Third Circuit recently reiterated that "judging the sufficiency of a pleading is a context-dependent exercise" and "[s]ome claims require more factual explication than others to state a plausible claim for relief." West Penn Allegheny Health System, Inc. v. UPMC, 627 F.3d 85, 98 (3d Cir. 2010). This means that, "[f]or example, it generally takes fewer factual allegations to state a claim for simple battery than to state a claim for antitrust conspiracy." Id. That said, the Rule 8 pleading standard is to be applied "with the same level of rigor in all civil actions." Id. (quoting Iqbal, 129 S.Ct. at 1953).

Here, while Plaintiff asserts a myriad of violations under a litany of Constitutional Amendments against all the defendants in this case, Plaintiff has not specifically identified any cause of action in her Complaint. However, because the Court must construe a pro se plaintiff's complaint liberally, Erickson v. Pardus, 551 U.S. 89, 94 (2007), the Court can only discern from the Complaint the claim of malicious prosecution against the Freehold Defendants. However, because defendants Judge Basen and Kitson are immunized from suit, the Court will discuss these two defendants separately. In addition, the analysis of the claim, e.g., Monell liability, against the Borough of Freehold will be conducted separately as well.

### B. Judicial Immunity

Judges or court staff, in the performance of their official duties, have absolute immunity from suit and would not be liable for money damages for judicial acts. Mireles v. Waco, 502 U.S.

9, 12 (1991); see Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000); Washam v. Stesis, 321 Fed. Appx. 104, 106 (3d Cir. 2009) ("judicial or quasi-judicial immunity . . . applies to court staff acting in their official capacities").  A litigant may overcome judicial immunity only in two circumstances:  First, no immunity is granted for acts performed outside of judicial capacity. Waco, 502 U.S. at 11. Second, immunity would not apply to actions that are judicial in nature, but are taken in the complete absence of all jurisdiction.  Id. at 12.  In making that determination, the Supreme Court has instructed that a judge will not be deprived of immunity because the action he took is in error, was done maliciously, or was in excess of his authority; rather, the judge will be subject to liability only when he has acted in the "clear absence of all jurisdiction."  Stump v. Sparkman, 435 U.S. 349, 356-57 (1978).  Immunity extends to all federal and state courts and judges regardless of whether they exercise general or limited jurisdiction. See Figueroa, 208 F.3d at 443-44.

In this case, it appears that Plaintiff alleges that Judge Basen conspired with others to maliciously prosecute her.  It is entirely unclear from the Complaint the role Judge Basen played in the alleged improper prosecution of Plaintiff, or how Judge Basen conspired to bring false charges against Plaintiff.  Regardless, however, Judge Basen is entitled to judicial immunity; Plaintiff has failed to allege any acts or official action taken by Judge Basen that could be considered as in "complete absence of all jurisdiction."[3]  Morever, it is unclear the specific cause

---

[3]  To the extent that Plaintiff seeks injunctive relief with respect to the claims asserted against Judge Basen, Judge Basen is also entitled to immunity as to those claims.  Although the Supreme Court has held that a cause of action for injunctive relief may be maintained against judicial officers or the federal government, see Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682 (1949), immunity principles still apply, and, except in very limited circumstances, judges are immune from suits for injunctive relief.  See Rush v. Wiseman, 2010 U.S. Dist. LEXIS 41087, at *30 (E.D. Pa. Apr. 27, 2010); Klein v. U.S. Bank, 2010 U.S. Dist. LEXIS 128328, at *40-41 (M.D.

of action against defendant Kitson. Nonetheless, since Plaintiff sues Kitson in her capacity as the administrator for the Borough of Freehold's Municipal Court, Kitson is also immunized from suit.

### C.   Malicious Prosecution

"To prove malicious prosecution under § 1983, a plaintiff must show that (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." Kossler v. Crisanti, 564 F.3d 181, 186 (3d Cir. 2009). A plaintiff must satisfy each of the elements. Id.

The purpose of the favorable termination requirement is to avoid "the possibility of the claimant succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction." Id. at 187 (quoting Heck v. Humphrey, 512 U.S. 477, 484 (1994)). "Consistent with this purpose, we have held that a prior criminal case must have been disposed of in a way that indicates the innocence of the accused in order to satisfy the favorable termination element." Id.

In this case, Plaintiff does not identify any specific defendants against whom she asserts her

---

Pa. Nov. 15, 2010). In 1996, Congress amended 42 U.S.C, § 1983 to provide that "injunctive relief shall not be granted" in an action brought against a judicial official for an act or omission taken in such officer's judicial capacity unless a declaratory decree was violated or declaratory relief was unavailable. Azubuko v. Royal, 443 F.3d 302, 304 (3d Cir. 2006) (citing 42 U.S.C § 1983); see also 42 U.S.C. § 1983 (abrogating in part Pulliam v. Allen, 466 U.S. 522, 541-42 (1984) (which held that judicial immunity is not a bar to prospective injunctive relief against a judge acting in his or he judicial capacity)). Here, because Plaintiff does not allege that Judge Basen has violated any declaratory decree, and therefore, injunctive relief is not appropriate.

malicious prosecution claim. The Court finds that to the extent a malicious prosecution claim can be made against the Freehold Defendants, Plaintiff has not established the favorable termination element. As noted above, Plaintiff has neither alleged nor provided any documentation as to the status of the underlying state proceeding. In fact, based on Plaintiff's allegations in the Complaint, there is a strong likelihood that Plaintiff has steadfastly refused to participate in the defense of the state criminal proceeding against her, resulting in the issuance of an arrest warrant and the revocation of her driving privileges. Compl., p. 6. Indeed, the Freehold Defendants explain that Plaintiff's criminal proceeding is still pending. Therefore, because the criminal proceeding is ongoing, the Court finds that Plaintiff cannot aver the necessary elements of malicious prosecution and that claim is dismissed without prejudice.

### D. Monell Liability

Section 1983 imposes civil liability upon "any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." Padilla v. Twp. of Cherry Hill, 110 Fed. Appx. 272, 278 (3d Cir. 2004) (citation omitted). Unlike unincorporated police departments, municipalities are legal entities amenable to suit for their unconstitutional policies or customs. Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 690 (1978). To recover against a municipality, a plaintiff must "demonstrate that municipal policymakers, acting with deliberate indifference or reckless indifference, established or maintained a policy or well-settled custom which caused a municipal employee to violate plaintiffs' constitutional rights and that such policy or custom was the 'moving force' behind the constitutional tort." Hansell v. City of Atlantic City, 152 F. Supp. 2d 589, 609 (D.N.J. 2001). However, a municipality may be liable if an employee acts unconstitutionally and

the municipality failed to adequately train or supervise that employee. City of Canton v. Harris, 489 U.S. 378, 380 (1989).

Here, other than naming the Borough of Freehold as a defendant, Plaintiff does not identify any policy or custom within the Borough that would support a claim under Monell. In fact, there are no facts in the Complaint that can be construed to support Plaintiff's theory of liability against the Borough of Freehold. Accordingly, claims against the Borough of Freehold are dismissed.

### III.     Conclusion

For the foregoing reasons, the Freehold Defendants' motion to dismiss is **GRANTED** in its entirety. Defendants Judge Basen, Kitson and Borough of Freehold are dismissed from this suit. The claim of malicious prosecution against defendants Butler and Sheedy is dismissed without prejudice.

As a final note, defendants Monmouth County Prosecutor's Office, John Loughery and Anita White-Gillyard, both employees of the Monmouth County Prosecutor's Office, are the only defendants who have not moved in this case. Furthermore, it is apparent from the docket that Plaintiff has not prosecuted her claims against these particular defendants. In that regard, the Court instructs Plaintiff to advise the Court whether she intends to proceed against these defendants within ten days from the date of the Order accompanying this Opinion.

/s/ Freda L. Wolfson
The Honorable Freda L. Wolfson
United States District Judge

Date: March 13, 2012