**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELAINE CASTIGLIONE, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 09-3043 (MAS)(TJB) |
| SCOTT BASEN, ESQ., et al., | : **MEMORANDUM OPINION** |
| Defendants. | : |

**SHIPP, District Judge**

This matter comes before the Court upon Defendants Monmouth County Prosecutor's Office, Monmouth County Prosecutor's Office Detective Division, Monmouth County Assistant Prosecutor John Loughery, Esq., and Monmouth County Assistant Prosecutor Anita White-Gillyard, Esq.'s (collectively, "the MCPO Defendants") Motion for Reconsideration and/or Dismissal ("MCPO Motion"), filed on March 26, 2012. (ECF No. 104-1). On May 24, 2012 *pro se* Plaintiff Elaine Castiglione ("Plaintiff") filed a response. (Pl.'s Resp., ECF No. 109). The Court has carefully considered the Parties' submissions and decided the matter without oral argument pursuant to Fed. R. Civ. P. 78. For good cause shown, the MCPO Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is GRANTED.

**I.     BACKGROUND**

Plaintiff's Complaint was filed on June 19, 2009. (Complaint ("Compl."), ECF No. 1). The Complaint asserts that Plaintiff was denied her rights under various federal statutes and the Fourth, Fifth, Sixth, Seventh, and Fourteenth Amendments of the United States Constitution. The

Complaint also includes a malicious prosecution claim brought under New Jersey state law. (Compl. 6-7). Additionally, Plaintiff named seventeen (17) separate defendants, all various employees of Freehold Borough or Monmouth County.

On January 13, 2010, Defendants Scott Basen, Esq., James Butler, Esq., Kathleen A. Sheedy, Esq., Stacey A. Kitson, Esq., and the Borough of Freehold (collectively, "the Freehold Defendants") filed a Motion to Dismiss ("Freehold Motion to Dismiss") Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Freehold Defs.' Mot., ECF No. 30). On February 11, 2010, the MCPO Defendants filed a letter with the Court requesting that they be joined with the Freehold Motion to Dismiss. (MCPO Defs.' Letter, ECF No. 42). The Honorable Freda Wolfson, U.S.D.J., granted the Freehold Motion to Dismiss in an opinion ("Wolfson Opinion") and subsequent order ("Wolfson Order") dated March 13, 2012.[1] (Opinion, ECF No. 102; Order, ECF No. 103). The Court, however, did not address the MCPO Defendants' letter in the decision. The final paragraph of the Wolfson Opinion stated:

> As a final note, defendants Monmouth County Prosecutor's Office, John Loughery and Anita White-Gillyard, both employees of the Monmouth County Prosecutor's Office, are the only defendants who have not moved in this case. Furthermore, it is apparent from the docket that Plaintiff has not prosecuted her claims against these particular defendants. In that regard, the Court instructs Plaintiff to advise the Court whether she intends to proceed against these defendants within ten days from the date of the Order accompanying this Opinion.

(Wolfson Op. 9). The Wolfson Order accompanying the opinion similarly required Plaintiff to advise the Court as to whether she intended to proceed against the MCPO Defendants. No response to either the Wolfson Opinion or Order was submitted by Plaintiff.

On March 26, 2012, the MCPO Defendants filed a Motion for Reconsideration pursuant to L. Civ. R. 7.1(i). (MCPO Mot. 1, ECF No. 104-1). The MCPO motion sought entry of an

---

[1] This case was reassigned from Judge Freda Wolfson to Judge Michael Shipp on July 30, 2012. (ECF No. 110).

order dismissing the MCPO Defendants from the case because the Wolfson Opinion and Order did not include the MCPO Defendants. Alternatively, the motion sought dismissal on the merits pursuant to Fed. R. Civ. P. 12(b)(6).

On May 16, 2012, Judge Wolfson issued the following Text Order in response Plaintiff's May 10, 2012 request for an extension of time, (ECF. No 105), to answer the MCPO Motion:

> Plaintiff requests [] a ten-day stay in this matter due to her illness. Plaintiff has repeatedly, since the inception of this case, requested [] extensions of time to respond to various motions. The Court has granted numerous requests. However, because Plaintiff has failed to submit any evidence of her medical condition, the Court will not countenance any more delays. Should Plaintiff wish to submit opposition to Defendants' motion filed on March 26, 2012 (which was sent to Plaintiff via regular and certified mail, as well as filed on CMECF), she must do so no later than May 23, 2012. If no opposition is received by the Court by that date, the motion will be considered unopposed. Signed by Judge Freda L. Wolfson on 5/16/2012.

(Text Order, ECF No. 107).

Plaintiff filed correspondence in response to the Text Order and the MCPO Motion to Reconsider on May 24, 2012.[2] Plaintiff's correspondence contains no substantive response to the currently pending motion, other than to allege that, if her previous attempt to file an amended complaint had been granted, the motions of both the Freehold and the MCPO Defendants would have been rendered moot. (Pl.'s Resp. 3, ¶ 2(d)). Plaintiff's "response" to the motion also largely emphasizes the timeliness of her response to the MCPO Motion, provides Plaintiff's arguments as to why she is not obliged to respond to the MCPO Motion and explains Plaintiff's basis for her assertion that "Freda Wolfson is not a Court of Competent Jurisdiction." (Pl.'s Resp. 1-4). Plaintiff further stated she "shall seek relief from the Supreme Court through mandamus petition within thirty days in order to remove this case from Trenton." (*Id.*). Plaintiff's correspondence makes no mention of filing of a motion for reconsideration of the Wolfson Opinion and Order.

---

[2] Plaintiff's correspondence, dated May 16, 2012, was filed and received by the Court on ECF on May 24, 2012.

Due to the nature of Plaintiff's response, the Court will therefore consider the MCPO Motion unopposed.

## II. LEGAL STANDARD AND ANALYSIS

### A. Motion for Reconsideration

The Third Circuit has held that, generally, a motion for reconsideration may be granted on one of four basic grounds: (1) to correct manifest errors of law or fact upon which the judgment was based; (2) to present newly-discovered or previously unavailable evidence; (3) to prevent manifest injustice; and (4) to bring a previously issued ruling in accord with an intervening change in prevailing law. *See Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied*, 476 U.S. 1171 (1986) (purpose of motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence). "To support reargument, a moving party must show that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision." *Assisted Living Assoc. of Moorestown, L.L.C., v. Moorestown Twp.*, 996 F. Supp. 409, 442 (D.N.J. 1998).

In the present case, the MCPO Defendants argue that the facts that allegedly gave rise to the claims against the Freehold Defendants are substantially similar to the facts and claims against the MCPO Defendants. (MCPO Mot. 6). Additionally, the MCPO Defendants argue that they joined the Freehold Motion through their submission of a letter, (ECF No. 42), submitted on February 11, 2010. (MCPO Mot. 6). The MCPO Defendants further assert that the same arguments that were presented to the Court in the Freehold Defendants' Motion to Dismiss would precisely track the current arguments of the MCPO Defendants. (*Id.* 7.)

Although the MCPO Defendants expressed their intention to join the previous Motion to Dismiss, in order to address the substance, the Court will engage in the full motion to dismiss

analysis as it pertains to the MCPO Defendants. That motion is granted. The MCPO Defendants' Motion for Reconsideration is therefore moot.

### B.     Motion to Dismiss

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to give the defendant fair notice of what the ... claim is and the grounds on which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). On a motion to dismiss for failure to state a claim, a "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

A district court should conduct a three-part analysis when considering a Fed. R. Civ. P. 12(b)(6) motion. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). The court, however, must disregard any conclusory allegations proffered in the complaint. *Id.* For example, the court is free to ignore legal conclusions or factually unsupported accusations which merely state that "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Finally, once the well-pleaded facts have been identified and the conclusory allegations ignored, a court must next determine whether the "facts alleged in the complaint are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). Determining plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Plausibility, however, "is not akin to a 'probability requirement,' but it asks for more than a

sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 545). In the end, facts which only suggest the "mere possibility of misconduct" fail to show that the plaintiff is entitled to relief. *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

The MCPO Defendants argue that, for the same reasons contained in the Wolfson Opinion, the claims against the MCPO Defendants should be dismissed. (MCPO Mot. 9). The MCPO Defendants acknowledge that a *pro se* complaint should be given more deference when considering a Fed. R. Civ. P. 12(b)(6) Motion to Dismiss. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). According to the MCPO Defendants, however, Plaintiff still fails to state a valid claim and the complaint must therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiff's complaint asserts various violations of her rights under a wide array of Constitutional Amendments against all defendants in this case. In the previous opinion, Judge Wolfson granted Defendants' Motion to Dismiss for failure to state a valid claim. (Wolfson Op.). The Court agrees with Judge Wolfson that, even if the Complaint is construed in the broadest sense, the only potential cause of action asserted against the MCPO Defendants is one of malicious prosecution.

1. **Malicious Prosecution**

Five elements must be satisfied in order to successfully prosecute a claim of malicious prosecution under 42 U.S.C. § 1983. *Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009). Those elements require that:

> (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Id.*

The purpose of the favorable termination requirement is to avoid "the possibility of the claimant succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction." *Id.* at 187 (quoting *Heck v. Humphrey*, 512 U.S. 477, 484 (1994)). "Consistent with this purpose, we have held that a prior criminal case must have been disposed of in a way that indicates the innocence of the accused in order to satisfy the favorable termination element." *Id.*

Plaintiff's linkage of the MCPO Defendants to her malicious prosecution claim is slim at best. First, Plaintiff's mentions the MCPO Defendants only twice in her entire complaint. Second, and most importantly, Plaintiff's claim fails to satisfy the second element of a malicious prosecution claim. As Judge Wolfson stated in her Opinion, "Plaintiff has neither alleged nor provided any documentation as to the status of the underlying state proceeding." (Wolfson Op. 8). Since the issuance of Judge Wolfson's Opinion and Order, Plaintiff has still not provided any documentation on the status of the underlying state court proceeding. As such, Plaintiff fails to satisfy the favorable termination element of her malicious prosecution claim. The MCPO Defendant's Motion to Dismiss, therefore, must be granted pursuant to Fed. R. Civ. P. 12(b)(6).

## III. CONCLUSION

For the reasons set forth above, and for other good cause shown, it is hereby ordered that the MCPO Defendants' Motion to Dismiss is granted and subsequently, Plaintiff's Complaint is dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6). An order consistent with this opinion will be entered.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: October 22, 2012